**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Mike Ross, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

Target Corporation,

Defendant.

Case No.: 1:21-cv-03028
Hon. Marvin E. Aspen

CLASS ACTION

**DEFENDANT TARGET CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I. INTRODUCTION

This is a product defect case dressed up as a consumer class action. Any reasonable consumer knows that the purpose of hand sanitizer is to kill germs *on your hands*. A reasonable consumer also knows that hand sanitizer is not intended to kill "all germs" wherever those germs may be found, and that using hand sanitizer is not a substitute for washing your hands with soap and water.[1] Federal courts in Ohio and California have recently dismissed nearly identical complaints against hand sanitizer manufacturers on the grounds that the uninjured plaintiffs lack standing and are not "reasonable consumers" under applicable law. *Moreno v. Vi-Jon*, No. 20CV1446 JM(BGS), 2021 WL 807683 (S.D. Cal. Mar. 3, 2021); *Alesia et. al v. GOJO Indus., Inc.*, No. 5:20-cv-02383, 2021 WL 1893562 (N.D. Ohio May 11, 2021); *Souter v. Edgewell*

[1] CDC, Show Me the Science – When & How to Use Hand Sanitizer in Community Settings, (last visited Oct. 3 ,2021) https://www.cdc.gov/handwashing/show-me-the-science-hand-sanitizer.html

*Personal Care Co.*, No. 3:20-cv-01486-TWR-BLM, 2021 WL 3892670 (S.D. Cal June 7, 2021). Defendant Target Corporation ("Target") urges this Court to do likewise.

## II. BACKGROUND FACTS

Mike Ross ("Ross" or "Plaintiff") alleges that he purchased a 32 oz bottle of Target store brand hand sanitizer (the "Product") for $6.79 "on one or more occasions" "between November 2020 and January 2021, among other times." (Dkt. 1 ¶ 33.) He claims that, in making his purchases, he relied on the Product's front label statement which says: "kills 99.99% of germs*." He acknowledges the asterisk on the front label (*Id*., ¶1) which leads to the rear label statement "*Effective at eliminating 99.99% of *many common harmful germs and bacteria in as little as 15 seconds*" (*Id*., ¶11) (emphasis added), but he does not say whether he actually ever read the rear label, either before or after making his purchase.

Ross contends that the "kills 99.99% of germs*" statement on the front label is false and misleading because the Product is allegedly not effective with respect to a handful of organisms, including norovirus, bacterial spores and protozoan cysts. (*Id.* ¶ 5, 8, 9.) He alleges "there is no scientific study which indicates any alcohol-based hand sanitizer kills 99.99 of germs." (*Id.* ¶ 3.) Ross also claims that, even if he had scrutinized both sides of the label, he would still not know that the Product is allegedly unable to kill norovirus and "other emerging germs of concern." (*Id.* ¶ 12).

What is missing from Ross' bare bones Complaint is more important than what it says. The Product is *hand sanitizer*. Ross does not allege that the Product failed to serve its purpose as *hand sanitizer*. He never says that he expected the germs listed in his Complaint to be on his hands or that he expected the Product to kill those germs. *In fact, he does not claim that he ever opened or used the Product*. Plaintiff does not challenge the truth that the Product does, in fact, kill 99.99%

of "many common harmful germs & bacteria in as little as 15 seconds," and that the Product is effective at *sanitizing consumers' hands*. Plaintiff's claims therefore rest only on his unreasonable reading of half of the label, divorced from his own experience with the Product or the alleged experiences of any other "reasonable consumer."

## III. ARGUMENT

### A. Plaintiff Lacks Article III Standing

To satisfy the Article III standing requirement, Ross must show that: (1) he has suffered an injury in fact; (2) there is a causal connection between his alleged injury and the conduct complained of; and (3) his injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). Where the face of the complaint does not demonstrate a basis for standing, the Court should dismiss. *Am. Fed'n of Gov't Emps., Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999).

Ross has not pleaded facts to show that the allegedly deceptive labeling on the Product caused him any actual harm (*i.e.* any palpable injury or future risk of concrete injury). Instead, the Complaint is entirely predicated on a "potential" risk of germ exposure – an unrealized risk that the Product might not kill certain specified germs on Ross's hands. What's missing here is that Ross never claims that he expected to encounter those germs on his hands, or that the Product failed to kill 99.99% of whatever germs he had on his hands. It is not clear from the Complaint what attribute Ross expected from the Product that it did not deliver. It is undisputed that a hypothetical risk of future injury is insufficient to establish standing. *See Midwest Commerce Banking Co. v. Elkhart City Ctr.*, 4 F.3d 521, 526 (7th Cir. 1993) ("You cannot seek an award of

damages for a fraud . . . *before the fraud has harmed you*.") (emphasis added); *see also Esposito v. Soskin*, 11 F. Supp. 2d 976, 979 (N.D. Ill. 1998) ("[C]laim of a possible injury in the future does not, however, qualify as a cognizable injury.").

The *Moreno* court dismissed a nearly identical complaint because the plaintiff had failed to adequately plead an injury in fact. The Southern District of California held that the plaintiff lacked standing because "[n]owhere in the [Complaint] does Plaintiff plead any harm or material risk of harm that he suffered as a consequence of purchasing the hand sanitizers. He has not alleged a negative experience associated with the Products, despite the allegations …that the Products are not legally saleable. Further…Plaintiff [does not] even allege that he purchased or used the Products to prevent any of the diseases or viruses listed in the [Complaint]. Neither has Plaintiff alleged that he contracted any of the diseases or viruses he alleges that the Products do not purportedly protect against." *Moreno*, 2021 WL 807683, at *4.

Ross cannot preserve his claims by arguing that the allegedly deceptive label deprived him of the "benefit of his bargain." In *Alesia,* plaintiffs attempted to satisfy Article III standing by "claim[ing] they would not have purchased Purell Advanced Hand Sanitizer had Defendant not marketed it as killing over 99.99% of germs." *Alesia*, 2021 WL 1893562, at *3. The Northern District of Ohio forcefully rejected plaintiffs' "benefit of the bargain" theory, reasoning that plaintiffs "paid for hand sanitizer," "received hand sanitizer," and "did so in an arm's length transaction." *Id.* at *6. The court further noted that plaintiffs made "no allegation… that they received snake oil, water, or a product that did not accomplish its intended purpose." Instead, they "only allege that [the hand sanitizer] may not be as effective as advertised." *Id*. Accordingly, the court found that "they received the benefit of the bargain and may not transform what would be a contract dispute (if Plaintiffs had a contract with Defendant) into a consumer class action." Like

the *Alesia* court, courts in this circuit have previously held that there is no concrete injury in fact necessary to establish standing where plaintiff alleges mere "economic loss stemming from speculative risk of future harm." *Flynn v. FCA US LLC*, No. 15-cv-855-SMY, 2020 WL 1492687, at *5 (S.D. Ill. Mar. 27, 2020) (finding the plaintiffs did not have standing because they had not actually suffered an injury from the alleged lack of safety precautions).

Under well-established law, Ross has not adequately alleged an injury in fact or a causal connection between the allegedly deceptive hand sanitizer label and any alleged injury. Accordingly, Ross lacks Article III standing and his Complaint should be dismissed.

**B. Plaintiff Does Not Have Standing To Obtain Injunctive Relief**

Ross does not have standing to support his claim for injunctive relief because he now knows that hand sanitizer allegedly cannot kill the obscure organisms listed in his Complaint, and thus cannot allege he will be deceived in the future. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) (finding that after being made aware of defendant's allegedly misleading actions, "he is not likely to be harmed by the practices in the future" and rejected plaintiff's "speculative claim that he will again be harmed" as implausible).[2]

Ross also alleges that he intends to purchase the Product again in the future only "when he can do so with the assurance that Product's representations are consistent with its capabilities and features." (Dkt. 1 ¶ 40) Mere statements of intent to purchase a product do not satisfy the standing requirements for injunctive relief. *Clark v. Bumbo Int'l Tr.*, No. 15 C 2725, at *11 (N.D. Ill. Aug. 28, 2017); *See e.g. In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-cv-5070, 2017 WL 2215025, at *8 (N.D. Ill. May 19, 2017) ("Therefore, she cannot demonstrate 'the imminent

[2] *see also Tarzian v. Kraft Heinz Foods Co.*, 18 C 7148, 2019 WL 5064732, at *3 (N.D. Ill. Oct. 9, 2019) ("The Seventh Circuit has held that a plaintiff who merely alleges past harm by a deceptive sales practice faces no real and immediate threat that the same practice will deceive him after he becomes aware of the deception, and he is therefore not entitled to pursue injunctive relief.")

prospect of future [in]jury' because she can no longer be deceived.") Because Ross now knows what hand sanitizer allegedly does not do and has provided no evidence other than a subjective statement of intent to purchase the product again in the future, he fails to establish standing for injunctive relief.

**C. Ross' Complaint Should be Dismissed Under Rule 12(b)(6) and 9(b)**

To overcome a 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. *Id.*

Claims arising under Illinois Consumer Fraud and Deceptive Business Practices act (ICFA) are subject to Fed. R. Civ. P 9(b). *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) ("When a plaintiff in federal court alleges fraud under the ICFA, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies.")[3] Where, as here, the claims "sound in fraud," the pleading must satisfy the particularity requirement of Rule 9(b), which requires the plaintiff to "state with particularity the circumstances constituting fraud." *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 905 (N.D. Ill. 2013).

Ross fails to satisfy Rule 9(b)'s heightened standard because he never says *how* the allegedly misleading statement on the Product's front label deceived him into purchasing the

[3] *see also Freeman v. MAM USA Corp.*, No. 1:20-cv-01834, 2021 WL 1103350, at *3 (N.D. Ill. Mar. 23, 2021) ("And Rule 9(b)'s heightened pleading standard applies to fraud claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act."); *Camasta*, 761 F.3d at 736 (same); *Green v. Diamond*, No. 14 C 2601, 2014 WL 5801351, at *3 (N.D. Ill. Nov. 7, 2014) (same).

Product in the midst of the global pandemic (when most consumers were buying any hand sanitizer they could find), and does not indicate *how* the alleged misrepresentation caused his alleged injury. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake *shall* be stated with particularity the circumstances constituting fraud or mistake.") (quoting Fed. R. Civ. P. 9(b)) (emphasis added). Did Plaintiff expect a hand sanitizer to protect him from Norovirus? Clostridium difficile? Was he concerned about specific germs? Did he seek out the Product in an effort to protect himself from those germs? The Complaint does not answer any of these critical questions. Ross cannot meet Rule 9(b)'s particularity requirement unless he "connects the dots" between the alleged misrepresentation and his alleged damage.

Plaintiff attempts to shift his pleading burden onto Target by claiming "on information and belief," that there are no scientific studies to support Target's label, and that "the precision of the claim" is not "supported by scientifically valid studies." (Dkt. 1 ¶¶ 1, 36). Courts in this district have routinely held that pleadings "based on 'information and belief' are insufficient to meet Rule 9(b)'s particularity requirement. *United States ex rel. Hubert v. Bd. of Educ. Of City of Chicago*, No. 16 C 4336, 2018 WL 6248827 at *8 (N.D. Ill. Nov. 29, 2018); *Guaranteed Rate, Inc. v. Barr*, 912 F. Supp. 2d 671, 686 (N.D. Ill. 2012). The failure to adhere to Rule 9(b) is fatal to all of Ross's claims that are based on fraudulent or deceptive conduct, including claims under ICFA, breach of express warranty, implied warranty, claims of unjust enrichment, fraud, and negligent misrepresentation. *Borsellino*, 477 F.3d at 507.

**D. <u>Ross Fails to State a Claim Under the Illinois Consumer Fraud Act</u>**

Where a plaintiff's claims are each predicated on an alleged misrepresentation on a product package, those claims should be dismissed when the product packaging and labels as a whole do not establish a "probability that a significant portion of the general consuming public ... acting

reasonably in the circumstances, could be misled." *Geske v. PNY Techs.*, Inc., 503 F. Supp. 3d 687, 705 (N.D. Ill. 2020). The elements of an Illinois Consumer Fraud Act ("ICFA") claim include: (1) a deceptive or unfair act; (2) with intent that others rely on the deception; (3) in the course of trade or commerce; and (4) the plaintiff suffered actual damages as a result of (i.e., proximately caused by) the deception. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883–84 (7th Cir. 2005) (An "allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff."); *see also Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 477 (7th Cir. 2020) (narrowing instances where courts may dismiss false advertising claims at the pleading stage but affirming that "where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified.").

The *Moreno* decision addressed the "reasonable consumer" standard in a "kills 99.99% of germs*" case. There, the court found the Plaintiff's allegations to be insufficient. The *Moreno* court held that "Plaintiff cannot simply look to the statement on the front panel, ignore the asterisk, and claim he has been misled… This is especially true, where as here, there are no other words, pictures or diagrams adorning the packaging that would make the front label statement deceptive." *Moreno*, 2021 WL 807683, at *6. The *Moreno* court went on to find "nothing on the front label to be deceptive and that it is simply not plausible that the reasonable consumer could be misled into thinking that the Product would kill 99.99% of all germs."[4] *Id.* at *7. Further, the court was "not persuaded that the reasonable consumer, given the general awareness around the importance of handwashing, would think that hand sanitizer is a substitute for washing with soap and water." *Id.;*

[4] Similarly, Other federal courts have held that a reasonable consumer would read an asterisk or similar notation as an indication that there is important information elsewhere on the package or in a separate document that the consumer should read and understand. *See Hamilton v. O'Connor Chevrolet, Inc.,* 399 F. Supp. 2d 860, 867 (N.D. Ill. 2005) ("In short, with respect to the language directing the reader to the back side of the Retail Contract, a 'reasonable person would have read the back side of the [agreement] and noticed the disclaimer.'")

*see also*, *Souter*, 2021 WL 3892670 at *5 ("No reasonable consumer would believe that a hand wipe advertised to kill 99.99 percent of germs would be effective against the bacteria and viruses that Plaintiff names.")

Here, particularly given that Ross allegedly purchased the Product in late 2020 and early 2021 (in the very midst of the global pandemic) his alleged interpretation of the front label language is implausible and inconsistent with how a reasonable consumer would understand the Product's function. Over the past eighteen months, the effectiveness of hand sanitizer has become a subject of almost universal public attention. Easily available references from the Centers for Disease Control and Prevention ("CDC") and FDA generally state that, while hand sanitizers are effective against many harmful microorganisms, they do not kill all microorganisms.[5] These references also state that washing with soap and water is generally more effective than hand sanitizer for hand hygiene, something the *Moreno* court pointed out that even schoolchildren know. *Moreno*, 2021 WL 807683, at *7. Having lived through the COVID-19 global pandemic, a reasonable consumer would know that hand sanitizer is intended to kill the germs on consumers' hands, not every germ in the world. *See Davis*, 396 F.3d 869, 884 ("allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff.")

The organisms Plaintiff identifies in the Complaint either do not occur on human hands or are not common. Norovirus is a foodborne pathogen spread predominantly in health care and food facilities through fecal material or vomit particles.[6] CDC states that alcohol-based hand sanitizers can be used to control norovirus outbreaks in addition to hand washing with soap and water.[7] The Giardiasis illness is caused by the Giardia parasite, which is most often found during international

---

[5] CDC, Show Me the Science – When & How to Use Hand Sanitizer in Community Settings, (last visited Oct. 3 ,2021) https://www.cdc.gov/handwashing/show-me-the-science-hand-sanitizer.html
[6] CDC, Preventing Norovirus, (last visited Oct. 3, 2021), http://cdc/gov/norovirus/about/prevention.html
[7] *Id.*

travel, tainted drinking water, or through human fecal matter and sexual contact.[8] Clostridium Difficile is most often spread through patients taking high doses of antibiotics or prolonged periods of antibiotics in a healthcare setting, rather than a household setting which the Product label clearly states.[9] While Clostridium Difficile is one of the most frequent causes of infectious diarrhea in long-term care facilities and hospitals in industrialized countries, government health agencies have recommended the use of "alcohol-based hand rub at the point-of-care as the preferred method for hand hygiene in all healthcare settings," as a way to combat the spread of C. difficile.[10] Plaintiff simply has not adequately alleged that the label on the Products will deceive a reasonable consumer, and his ICFA claim should be dismissed.

### E. Ross Fails to Adequately Plead His Remaining State Law Claims

#### 1. *Ross Fails to State a Claim for Breach of an Express Warranty, Breach of an Implied Warranty of Merchantability, and Violation of the Magnuson-Moss Warranty Act.*

In just seven paragraphs in his Complaint, Ross attempts to allege three distinct causes of action. (Id. at ¶¶ 57-63) The attempt fails.

Plaintiff's breach of express warranty claim does not allege any facts to support his claim that Target's hand sanitizer does not conform to the assertions on the label (kills 99.99% of many common harmful germs on consumers' hands), as required by Illinois law. *Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 674 (N.D. Ill 2016) ("(1) the seller made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) seller guaranteed that the goods would conform to the affirmation or promise."). Instead, Plaintiff alleges

---

[8] U.S. Nat'l Library of Med., Giardia Infections, (last visited Oct. 3, 2021) https://medlineplus.gov/giardiainfections.html

[9] Gov't of Canada, Routine practices and additional; precautions for preventing the transmission of infection in healthcare settings, (last visited Oct. 3, 2021), https://www.canada.ca/en/public-health/services/infectious-diseases/nosocomial-occupational-infections/routine-practices-additional-precautions-preventing-transmission-infection-healthcare-settings.html

[10] *Id.*

the labels did not conform to *his strained interpretation* (kills 99.99% of every germ in the world). (Dkt. 1 ¶¶ 2–7.) The *Moreno* court found an identical interpretation of the "kills 99.99% of germs*" language on a hand sanitizer label to be "implausible and inconsistent with how a reasonable consumer would understand the Products' function." *Moreno*, 2021 WL 807683, at *6. This court should do the same.

Plaintiff's implied warranty claims similarly fail. Under Illinois law, a claim for breach of implied warranty of merchantability requires a plaintiff to allege: "(1) a sale of goods, (2) by a merchant of those goods, and (3) [that] the goods were not of merchantable quality." *Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp. 2d 900, 912 (N.D. Ill. 2011). As is the case with much of Plaintiff's Complaint, "[c]onclusory allegations regarding the [product's] merchantability and fitness are not sufficient to state a claim for breach of implied warranty of merchantability absent some factual support." *Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 748 (N.D. Ill. 1999) Additionally, Plaintiff has neither alleged what the ordinary purpose of hand sanitizer is, nor how the Product failed to conform to that ordinary purpose. Plaintiff instead erroneously declares that the hand sanitizer was not "merchantable because [it] was not fit to pass in the trade as advertised," which is not a standard used by any courts within this district. Plaintiff's Magnuson-Moss Warranty Act claim "must also be dismissed because it is contingent on Plaintiff having a viable state law warranty claim," which he does not. *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705 (N.D. Ill. 2020).

2. *Ross Fails to State a Claim for Illinois Fraud and Negligent Misrepresentation.*

In addition to failing to plead the fraud-based claims with particularity, Fed. R. Civ. P. 9(b), Ross does not allege any plausible false statement of fact, reasonable reliance, or damages.[11]

[11] To state a claim for fraud, Ross must plead (1) a false statement of material fact; (2) defendant's knowledge that the statement was false, (3) defendant's intent that the statement induce him to act, (4) Ross's reliance upon the truth of

Further, the negligent misrepresentation claim is barred by the *Moorman* doctrine. *Moorman Mfg. Co. v. National Tank Co.*, 91 Ill.2d 69, 89 (Ill. 1982). These claims fail for at least three reasons. First, the hand sanitizer label never asserts that it kills *every germ* under *every circumstance*, as Plaintiff would like this Court to believe. Second, Plaintiff cannot bridge the gap between his alleged reliance and his alleged damages. As stated above, *supra* at Section III(D), Plaintiff's interpretation of the front label language is implausible and inconsistent with how a reasonable consumer would understand and rely on the product's function. Further, Plaintiff does not allege that he has used the product, or that when he did, the sanitizer at issue did not kill a majority of the common harmful germs on his hand(s). And third, because Plaintiff solely seeks an economic remedy, Dkt. 1 ¶ 68, the *Moorman* doctrine bars the negligent misrepresentation claim. *BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 855 (N.D. Ill. 2021) ("In Illinois, the *Moorman* rule generally bars suits for purely economic damages based on negligent misrepresentation.") For these reasons, Plaintiff cannot meet his burden in alleging a cause of action for Illinois fraud or negligent misrepresentation.

3. *Ross Fails to State a Claim for Unjust Enrichment.*

Plaintiff's unjust enrichment claim is predicated on the same allegations of allegedly deceptive advertising as his ICFA and breach of express warranty claims, and it fails for the same reasons. *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (finding plaintiff's unjust enrichment claim "will stand or fall" with related claims of "the same alleged improper conduct.") Further, Plaintiff's unjust enrichment claim fails because he cannot allege that he does not have an

---

the statement, and (5) damages. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007). Relying on basically the same elements, a negligent misrepresentation claim differs in two key ways: (1) instead of knowledge of falsity, it requires defendant's carelessness or negligence as to the truth of the statement, and (2) negligent misrepresentation requires a duty on the part of the defendant to communicate accurate information to plaintiff. *Id.* at 833–34.

adequate remedy at law. *Angelopoulos v. Keystone Orthopedic Specialists*, No. 12-cv-05836, 2015 WL 2375225, at *7 (N.D. Ill. May 15, 2015) ("Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law.") As is the case here, a plaintiff has an adequate legal remedy when he brings an unjust enrichment claim based upon identical conduct underlying the accompanying statutory claims. *See e.g. City of Rockford v. Mallinckrodt ARD, Inc.*, 360 F. Supp. 3d 730, 772 (N.D. Ill. 2019). Plaintiff's single-sentence unjust enrichment claim is little more than a tag-along to his statutory claims. It should be dismissed.

## III. PLAINTIFF'S CLAIMS ARE EXPRESSLY PREEMPTED BY THE PREP ACT

Ross's claims against Target must also be dismissed because they are preempted by the Public Readiness and Emergency Preparedness Act (the "PREP Act"). The PREP Act creates immunity for all claims of loss related to the administration or use of "Covered Countermeasures," which are certain drugs, biological products, or devices. 42 U.S.C. § 247d-6d(a)(1). In addition to immunity, the PREP Act includes an express preemption provision: "no State . . . may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement" that is "different from, or is in conflict with, any requirement applicable under this section." 42 U.S.C. § 247d-6d(b)(8)(A). State laws that differ or conflict regarding the manufacture, distribution or administration of Covered Countermeasures are expressly preempted. *Id.* at (8)(B). Moreover, the preempted state "requirements" include common-law tort claims, because "[a]bsent other indication, reference to a State's 'requirements' includes its common-law duties." *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 324 (2008).

The hand sanitizer at issue is a Covered Countermeasure because it is a qualified pandemic or epidemic product — a product that is manufactured and used to mitigate/prevent a pandemic or epidemic or to limit the harm such pandemic might otherwise cause. *See* 42 U.S.C. § 247d-6d

(i)(1)(A), 247d-6d(i)(7)(A)-(B). The retail sale of Covered Countermeasures has been designated by HHS as a Countermeasure Program. *See Declaration Under the PREP Act for Medical Countermeasures Against COVID-19,* 85 Fed. Reg. 15198-01, 2020 WL 1245193 (Mar. 17, 2020) (barring claims against retail drugstore that provides for the administration or distribution of countermeasures). Further, Defendants are Covered Persons under the act, because they manufacture, distribute and administer Covered Countermeasures and countermeasure programs or reasonably believed the products were covered countermeasures. 42 U.S.C. 247d–6d(i)(2)(B)(i), (ii), and (iv). The PREP Act is a complete preemption statute, and Ross's claims against Target are therefore barred. *See Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003).

## IV. PLAINTIFFS CLAIMS ARE BARRED BY THE PRIMARY JURISDICTION DOCTRINE

The "Primary jurisdiction" doctrine "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." *Pennington v. Zionsolutions LLC*, 742 F.3d 715, 720 (7th Cir. 2014). "The rationale for the primary jurisdiction doctrine is two-fold: (1) it ensures uniformity and consistency in the regulation of business entrusted to a particular agency, and (2) it recognizes the expert and specialized knowledge of the agencies involved." *The Spring Air Co. v. Englander Licensing Ltd.*, No. 01 C 7140, 2001 WL 1543510, at *1 (N.D. Ill. Nov. 29, 2001). If the doctrine applies, courts must then "dismiss the case without prejudice." *Reiter v. Cooper*, 507 U.S. 258, 268-69 (1993) (citations omitted).

The FDA clearly has the requisite expertise to regulate the labeling of hand sanitizers.

Additionally, The HHS's decision to invoke the PREP Act in the response to the ongoing global pandemic highlights the need for uniform and efficient interpretation of law surrounding Covered Countermeasures. Thus, this court should dismiss Ross's claims.

## V. PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF

Plaintiff's claims for equitable relief under the ICFA, Breaches of Express Warranty, Implied Warranty of Merchantability, Magnuson-Moss Warranty Act, unjust enrichment, fraud, and negligent misrepresentation, should be dismissed because Plaintiff does not allege that he lacks an adequate remedy at law. *Polk v. Dent*, 2015 WL 2384601, at *3. Fatally, his Complaint is devoid of allegations of a threat of future injury, and seeks both injunctive relief and "damages" under each of his claims. (Dkt. 1 ¶ 50).

## VI. CONCLUSION

At bottom, Ross cannot cure his fatal pleading deficiencies. Ross is not a reasonable consumer who was misled by language on the hand sanitizer Product he purchased. Nor did he suffer any harm or injury from the Product that he purchased. For all of the reasons set forth above, Target respectfully requests the Court dismiss Plaintiff's Complaint, and all claims therein, with prejudice.

DATED: October 4, 2021

By: /s/ *Anthony Hopp*

Anthony Hopp
Azar Alexander
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
ahopp@steptoe.com
aalexander@steptoe.com
Tel: (312) 577-1300

*Attorneys for Defendant Target Corporation.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, the foregoing is being electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Anthony Hopp*
Anthony Hopp